**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anthony VETRINI, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1999.
Filed June 15, 1999.

Charles A. Rado, Wilkes-Barre, for appellant.

Peter Paul Olszewski, Jr., District Attorney, and Frank Barletta, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before STEVENS, ORIE MELVIN and BROSKY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Anthony Vetrini, appeals from the judgment of sentence of the Court of Common Pleas of Luzerne County, following his convictions for driving with a suspended license (DUI-related).[1] He now challenges the Commonwealth's proof that he had actual notice of his DUI related license suspension. We affirm.

¶ 2 The record before us reflects that on August 9, 1997, Wilkes–Barre Police Officer Richard Harding observed Appellant's Toyota 4–Runner make an illegal right hand turn off South Pennsylvania Avenue onto South Main Street and subsequently a left turn onto Harris Street. Officer Harding followed and stopped the Appellant's vehicle two blocks up on Harris Street. After stopping the vehicle Officer Harding requested the driver's license, registration and insurance information. The Appellant responded that he did not have any of the requested items and explained that his license was suspended for speeding. The Officer checked with his dispatcher, and determined that Appellant's suspension was DUI-related. Appellant subsequently admitted that the suspension was DUI-related and that he received notice of the suspension around April or June. Officer Harding permitted the licensed passenger to drive the vehicle away. Officer Harding then requested a certified driver's record from the Pennsylvania Department of Transportation to confirm the suspension was indeed D.U.I. related, and filed citations by mail on August 27, 1997 for violations of 75 Pa.C.S.A. §§ 1543(b) and 3111(a).

¶ 3 On August 23, 1997, Officer Harding again observed the Appellant operating his vehicle and stopped him on suspicion of another violation of § 1543(b). Officer Harding later obtained another certified driving record, and on September 8, 1997 filed another citation for violating § 1543(b) of the Vehicle Code. At the bench trial held on April 1, 1998, Appellant was found guilty of both violations of Section 1543(b)(1), and also § 3111(a) of the Vehicle Code. For each violation of § 1543(b) he was sentenced to pay a one thousand-dollar ($1000.00) fine and undergo ninety (90) days imprisonment. The prison terms were to run consecutively. No further penalty was imposed for the § 3111(a) conviction. This appeal followed.

¶ 4 Appellant's sole contention is the Commonwealth did not present sufficient evidence that he received actual notice of his DUI related license suspension to sustain his convictions under § 1543(b) of the Vehicle Code.

¶ 5 Initially, we note in a license suspension case, our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether any error of law was committed and whether the decision is a manifest abuse of discretion. *Commonwealth v. Baer*, 452 Pa.Super. 547, 682 A.2d 802 (1996).

¶ 6 "The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (1996) (citing *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)).

1. 75 Pa.C.S.A. § 1543(b)(1).

In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (1995) (citations omitted).

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992) (citations and quotation marks omitted).

■ ¶ 7 Appellant has been convicted of violating Section 1543(b)(1) of the Vehicle Code, which states:

Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. § 1543(b)(1). In order to sustain a conviction under 75 Pa.C.S.A. § 1543(b), the Commonwealth must prove that the defendant had actual notice that his license had been suspended or revoked. *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). Merely establishing that notice was mailed is not sufficient by itself to show actual notice. *Id.* 333 A.2d at 926. The Commonwealth must establish actual notice "which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Commonwealth v. Crockford*, 443 Pa.Super. 23, 660 A.2d 1326, 1331 (1995).

■ ¶ 8 Moreover, "[n]otice is a question of fact, and anything that proves knowledge or is legal evidence showing that knowledge exists can be sufficient." *Id.* at 1330. There are no bright line tests as to what kind of proof is required to show actual notice; however, this Court has indicated that evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish actual notice beyond a reasonable doubt. *Id.* at 1329.

¶ 9 Evidence at the trial *de novo* established that after Appellant's vehicle was stopped on August 9, 1997, he first stated that his license had been suspended for speeding. N.T., 4/1/98, at 6–7. The officer checked with his dispatcher and determined the suspension was DUI-related. *Id.* at 7. When confronted with the information received from the dispatcher, Appellant finally admitted that his license suspension was DUI related and that he had received notice of that suspension around April or June. *Id.* at 7–8.

¶ 10 Appellant disputes the officer's testimony and argues that at most it only established that he "was confused as to why his license was suspended. There was no description as to what actual notice [he] did receive, if any, in Officer Harding's testimony. Finally, there was no evidence that [he] received any written

notification of suspension ... as a result of a DUI conviction. Therefore, [he contends] the Commonwealth has not proved a necessary element, 'actual notice', ... as required by *Commonwealth v. Baer*," *supra*. We disagree.

¶ 11 Appellant's entire challenge rests upon the misplaced notion that *Baer* requires the Commonwealth to prove receipt of written notification of suspension. In *Baer*, we said that factors to be considered to determine whether appellant had actual notice of suspension include evidence that the Pennsylvania Department of Transportation sent notice to appellant's current address, and statements by appellant indicating knowledge, or any conduct demonstrating circumstantially or directly that appellant had knowledge of the suspension. Moreover, this notion was directly dispelled by our Supreme Court in *Commonwealth v. Zimmick*, 539 Pa. 548, 653 A.2d 1217 (1995), wherein other examples of factors which could be considered in determining whether a defendant had actual notice of license suspension were recited as follows; to-wit:

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt.

*Id.*, 539 Pa. at 555–56, 653 A.2d at 1221. Hence the sending of written notice to the appellant's current address is but one of many factors that may be considered. It is not obligatory that any combination of factors must be present. *See, e.g., Commonwealth v. Dietz*, 423 Pa.Super. 366, 621 A.2d 160, *appeal denied*, 535 Pa. 634, 631 A.2d 1007 (1993) (holding driver's flight from crash site and misleading conduct demonstrated that driver knew he was not permitted to drive; and driver's failure to produce a driver's license is presumptive knowledge of suspension).

¶ 12 In the instant case, Appellant's license suspension was evidenced at trial by his certified driving record. Notice was mailed albeit to his old address. Appellant failed to produce a valid, current license when the officer stopped him, or at anytime thereafter, and he stated that he did not have a driver's license. Additionally, by his own testimony he acknowledged that he was stopped for driving under the influence and his license was suspended for one year but he thought the suspension was no longer in effect. N.T., 4/1/97, at 50. When viewed in the light most favorable to the Commonwealth as the verdict winner, we conclude that this evidence, taken together, was sufficient to meet the standard of *Zimmick, Crockford, Baer* and *Dietz*, *supra*, that appellant had actual notice his license was suspended.

¶ 13 Judgment of sentence affirmed.