**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Rodney FLAMER, Appellant.**

Superior Court of Pennsylvania.

Submitted January 5, 2004.

Filed April 19, 2004.

Susan M. Magee, Media, for appellant.

George M. Green, Assistant District Attorney, for Commonwealth, appellee.

Before: BENDER, PANELLA, and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 This appeal challenges the sufficiency of the evidence by which appellant was convicted of false identification to law enforcement authorities.[1]

¶ 2 The facts of the case were aptly set forth by the trial court as follows:

On Monday, October 7, 2002 Patrolman Matthew Illich of the Glenolden Borough Police Department was on patrol in the vicinity of Boon Avenue and Chester Pike. Patrolman Illich observed a white Pontiac bearing a metal license plate. Illich observed that the required registration sticker was missing from the plate and there was no yellow city of Philadelphia registration sticker in the vehicle window. There was a paper temporary registration affixed to the rear window, and that temporary registration was "sagging" so that the effective date of the registration could not be seen by the Patrolman. Patrolman Illich stopped the vehicle.

Patrolman Illich approached the vehicle and advised the driver, Defendant in this matter, as to the reason for the stop. When asked to produce the vehicle registration and his driver's license Defendant handed Patrolman Illich a temporary registration form and stated that he did not have his license with him. "Rodney Flame" was the owner named in the temporary registration and the name on the signature line of the form was Rodney Flamer. The owner's stated address was 2412 South Edgewood Street, Philadelphia. In response to Patrolman Illich's inquiry, Defendant indi-

---

1. 18 Pa.C.S. § 4914(a).

cated that his brother, Russell Roberson owned the vehicle. Noting the discrepancy, Patrolman Illich asked Defendant his name. Defendant spelled out his name. He began, "L-a-t," paused and began again, "L-a-t," paused and began again, "L-a-t-e-e-f, M-o-o-r-e," spelling out the name, Lateef Moore. In response to further inquiry, Defendant gave his date of birth and indicated that he had a driver's license bearing that date. Patrolman Illich asked Defendant to verify the spelling of his name, and Defendant refused, further indicating that he did not have a picture I.D. Defendant was detained and when Defendant's driver's license and temporary registration information could not be verified he was arrested and taken to police headquarters. Before arriving at police headquarters Defendant never told Patrolman Illich that his name was Rodney Flamer. At police headquarters Defendant identified himself as Rodney Flamer, and provided the same date of birth given earlier, and gave a correct social security number.

Linda P. Flamer, Defendant's mother, testified that her son's name is Rodney Flamer and that when Defendant was about thirteen years old his father gave him a Muslim name, "Lateef Moore." She testified that Defendant is a practicing Muslim and that in October of 2002 he lived with her. In October of 2002 she lived at 5962 North 20th Street. Defendant's "Muslim brothers" referred to him as Lateef.

Defendant, Rodney Flamer testified that he is a practicing Muslim. At the age of fourteen his father gave him his Muslim name, Lateef Moore. While Defendant wore a Muslim head covering at trial he was not wearing one on October 7th when he was stopped. Defendant applied for a driver's license in the name of Rodney Flamer at the age of seven-

teen. His Social Security bears the name Rodney Flamer. When he signs legal documents requiring identification he uses the name Rodney Flamer. He used the name Rodney Flamer to purchase the vehicle involved in the stop, and he signed the name Rodney Flamer on the signature line of the temporary registration.

Trial Court Opinion, August 4, 2003, at 2–4 (citations to the record omitted).

¶ 3 Appellant was convicted by a jury of providing false identification to law enforcement authorities. After a pre-sentence investigation was completed, he was sentenced to 6 to 12 months of incarceration. On appeal, appellant raises the following issue:

WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION OF FALSE IDENTIFICATION TO LAW ENFORCEMENT AUTHORITIES SINCE THE INFORMATION PROVIDED TO THE AUTHORITIES WAS NOT "FALSE" AS THAT TERM IS USED IN SECTION 4914(a) OF THE CRIMES CODE.

Appellant's brief at 4.

¶ 4 The crime of which appellant was convicted provides:

§ 4914. False identification to law enforcement authorities

(a) OFFENSE DEFINED.—A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

(b) GRADING.—An offense under this section is a misdemeanor of the third degree.

18 Pa.C.S.A. § 4914.

Our standard of review for a challenge to the sufficiency of the evidence is well

settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. *Commonwealth v. Torres*, 564 Pa. 219, 766 A.2d 342, 344 (Pa.2001). Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder. *Commonwealth v. Vetrini*, 1999 PA Super 148, 734 A.2d 404, 407 (Pa.Super.1999).

*Commonwealth v. Gruff*, 822 A.2d 773, 775 (Pa.Super.2003).

¶ 5 "It is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Id.*, at 781 (citation omitted). We will reverse the resulting verdict on the basis of legal insufficiency only where the testimony "is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167, 1170 (1993).

¶ 6 Appellant complains that the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that the name "Lateef Moore" was false information concerning his identity for purposes of 18 Pa.C.S. § 4914(a). We disagree. He essentially argues that the name Lateef Moore was a Muslim name given him by his father and that evidence was presented at trial to prove that he was known as Lateef Moore in his community.

¶ 7 Our review of the record reveals that there was sufficient evidence to support the verdict. Viewing the evidence in the light most favorable to the Commonwealth as the winning party, and giving Common-wealth the benefit of all reasonable inferences to be drawn therefrom, it is readily apparent that a jury could find that the Commonwealth met its burden of proof regarding the falsity of the identification information initially provided by appellant. *See Commonwealth v. Gruff*, 822 A.2d at 775.

¶ 8 The record amply reflects that Rodney Flamer is appellant's legal name and that appellant uses the name Rodney Flamer for such official documentation as his driver's license and car registration. N.T. 5/2/03, at 100, 121, 123–124, 127–128. Certainly, appellant knew, or ought to have known, that this would be the only name by which the officer could identify him and the vehicle. Despite handing Officer Illich a temporary registration card, onto which appellant had actually signed his true name, "Rodney Flamer," he nevertheless told the Officer that his name was Lateef Moore and that the owner of the vehicle was his brother, Russel Roberson.[2] N.T., 5/2/03, at 46–48. After the officer noted the discrepancy between the registration name and the alleged owner's name, appellant declined to inform the officer that he, in fact, was Rodney Flamer. Furthermore, appellant stated the following on direct examination: "He kept on saying I don't believe your name is Lateef Moore. And when they detained me and I realized that I was causing a problem because *he needed the correct information* ... that's when I told him my name is Rodney Flamer." N.T., 5/2/03, at 121 (emphasis added). By appellant's own admission, Lateef Moore was not the "correct information."

¶ 9 We hold that a scenario implicating 18 Pa.C.S. § 4914(a), requires that an individual who is questioned by a law enforce-

---

**2.** We note that Russell Roberson is not appellant's brother, but is the brother of appellant's then girlfriend. N.T., 5/2/04, at 126.

ment authority as to his or her identity, must provide such authority with his or her official, legal name, regardless of religious names or nicknames by which some may know him or her. To find otherwise would render this statute hollow.

¶ 10 Because we do not find legal insufficiency to be a basis for reversing the verdict, we do not disturb the jury's determination that the Commonwealth met its burden of proving beyond a reasonable doubt that appellant provided Officer Illich with false identification information.

¶ 11 Judgment of sentence affirmed.