J-S42009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON J. PERRONE | |
| Appellant | No. 1304 WDA 2013 |

Appeal from the Judgment of Sentence March 19, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-0001181-2011

BEFORE: PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 23, 2014**

Appellant, Jason J. Perrone, appeals from the judgment of sentence entered March 19, 2013, by the Honorable Timothy P. Creany, Court of Common Pleas of Cambria County. We affirm.

On May 6, 2011, Zachary Smith was at his home in Cambria County when he observed Perrone drive by the residence, exit his vehicle and slash the tires on three vehicles parked outside belonging to the Smith family. When Northern Cambria Borough Police Officer Anthony Beltowski arrived at Smith's home a few minutes thereafter, he observed Perrone sitting in the driver's seat of a green Chrysler Concord, parked in the wrong lane of traffic. At the time, Perrone was arguing with Zachary Smith's father, John Smith. After Perrone ignored several commands by Officer Beltowski to shut off the engine and put the vehicle in park, Officer Beltowski reached into the vehicle

and turned off the engine. When Perrone refused to step out of the vehicle, Officer Beltowski assisted Perrone out of the vehicle. Officer Beltowski observed a strong odor of alcohol emanating from the vehicle and noted that when he assisted Perrone from his vehicle, he was unable to stand up on his own. A pat-down search for weapons and a vehicular search revealed a buck knife, a glass container containing marijuana, a blue glass narcotic pipe and an empty Suboxone[1] Film packet. A subsequent blood test revealed Perrone's blood alcohol content ("BAC") to be .189.

Following a jury trial, on February 28, 2013, Perrone was convicted of six counts of Driving Under the Influence (DUI),[2] Criminal Mischief – Tangible Property,[3] and Possession of a Controlled Substance (Suboxone Film).[4] The trial court additionally found Perrone guilty of the summary offenses of Driving While Operating Privilege Suspended or Revoked,[5] Disorderly Conduct,[6] Driving Under Suspension – DUI Related,[7] and Public Drunkenness.[8] On March 19, 2013, the trial court sentenced Perrone to 16

---

[1] Suboxone Film is a controlled substance that is prescribed to help manage the physical symptoms and cravings of opioid dependence. *See* www.suboxone.com (last visited 9/8/14).

[2] 75 Pa.C.S. §§ 3802(a)(1), (c), (d)(1)(i)-(iii), and (d)(3).
[3] 18 Pa.C.S. § 3304(a)(1).
[4] 35 P.S. § 780-113(a)(16).
[5] 75 Pa.C.S. § 1543(b)(1).
[6] 18 Pa.C.S. § 5503(a)(4).
[7] 75 Pa.C.S. § 1543(b)(1.1)(i).
[8] 18 Pa.C.S. § 5505.

to 47 months' imprisonment. Perrone filed timely post-sentence motions, which the trial court denied. This timely appeal followed.

On appeal, Perrone raises the following issues for our review:

I.    Whether Perrone was entitled to a mistrial where the jury heard several incriminating statements made to the affiant that were not included in discovery and never subject to pretrial suppression?

II.   Whether there was sufficient evidence to convict Perrone of Simple Possession where the only evidence introduced at trial was that he possessed a suboxone film wrapper?

III.  Whether there was sufficient evidence to convict Perrone of Driving Under Suspension (DUI-related) where no evidence was introduced of actual notice of the suspension.

Appellant's Brief at 4.

Perrone first argues that the trial court erred when it denied his request for a mistrial. "A trial court is required to grant a mistrial only where the alleged prejudicial event may reasonably be said to have deprived the defendant of a fair and impartial trial." *Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (citation omitted).

> It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Id*. (citation omitted).

Perrone contends that the trial court should have granted a mistrial after Officer Beltowski repeated several allegedly inculpatory statements made by Perrone that were not disclosed by the Commonwealth in discovery. Appellant's Brief at 3. First, Officer Beltowski testified when he asked Perrone why he went to the Smiths' residence, Perrone indicated it was "[b]ecause he didn't like Mr. Smith." N.T., Trial, 2/27/13, at 112. Officer Beltowski also testified that when he questioned Perrone as to why he was driving drunk, Perrone replied that "he didn't have anybody else to drive him." *Id*., at 120. Later, Officer Beltowski stated that Perrone approached him at the call of the list prior to trial and indicated that he was "going to come in and say that his girlfriend was driving at the time." *Id*.

Following defense counsel's objection, counsel for the Commonwealth indicated that he was unaware of these statements prior to Officer Beltowski's testimony at trial. *Id*. at 124. The trial court ultimately declined Perrone's request for a mistrial, and instead advised defense counsel to "attack credibility on this point." *Id*. at 126. The trial court again denied Perrone's repeated request for a mistrial at the close of the Commonwealth's case-in-chief, opting to issue a cautionary instruction to the jury to disregard the statements. *See id*. at 212-213.

On appeal, Perrone argues that the trial court should have granted a mistrial because he was denied the opportunity to suppress the inculpatory statements as they were not included in pretrial discovery in violation of

Pa.R.Crim.P. 573(B)(1)(b). We disagree. Rule 573(B)(1)(b) provides as follows:

> (B) Disclosure by the Commonwealth.
>
> (1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.
>
> * * *
>
> (b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made *that is in the possession or control of the attorney for the Commonwealth*[.]

Pa.R.Crim.P. 573(B)(1)(b) (emphasis added).

Although the statements at issue certainly appear to fall within the gambit of those mandatory disclosures by the Commonwealth under the rule, there is no evidence that Officer Beltowski included these statements in either the incident report or the affidavit of probable cause, or that the Commonwealth had knowledge of the statements prior to Officer Beltowski's testimony at trial. Without any prior knowledge of the inculpatory statements during pretrial discovery, the Commonwealth certainly cannot be found to have committed a discovery violation. *See Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 253 (2008) ("The Commonwealth does not violate Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware.").

- 5 -

Despite the absence of a discovery violation, even assuming that the statements were prejudicial, we find that the trial court's explicit instruction to the jury to disregard the testimony in its entirety adequately cured any potential prejudice. The court instructed the jury as follows:

Okay. Ladies and gentlemen, one of the items on which we had argument related to statements that the Commonwealth contends were made by Mr. Perrone, three statements in particular. All three of them were made to Officer Beltowski, the first statement in effect that the defendant acknowledged that he was driving because he said something to the effect of what else was I going to do; the second statement which is purported to have been made by the defendant to Officer Beltowski at one of the times when the parties were here in court and he indicated to Officer Beltowski that he was going to have his girlfriend – or his girlfriend was going to testify that she was the one who drove that night; and the third statement relating to the Commonwealth's contention, Officer Beltowski's testimony, that the defendant said that he did these things because he didn't like Mr. Smith.

You've heard those things, and I know this is a difficult concept to grasp and a difficult thing to apply, but I'm going to disallow the admission of those statements, that testimony, and as a result tell you to disregard it entirely in making your determination. And I'll do that because the way the case proceeded, there wasn't a proper foundation and/or verification of those statements. So it is – it's hard to do, but I'm saying to you proceed and deliberate when we get to that point presuming that those statements had not – that you had not heard those statements, that those statements themselves cannot be used to in any way implicate or act as an admission or confession by Mr. Perrone. Okay?

N.T., Trial, 2/27/13, at 212-213. A jury is presumed to follow a trial court's instructions, **Commonwealth v. Burno**, 94 A.3d 956, 977 (Pa. 2014), and Perrone has failed to offer any indication that the jury failed to follow the trial court's instructions in this case. Accordingly, we find no evidence that

Perrone was deprived of a fair and impartial trial so as to warrant a mistrial in this case.

Perrone next challenges the sufficiency of the evidence to support his convictions for Possession of a Controlled Substance and Driving Under Suspension – DUI Related. We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Perrone first argues that the evidence was insufficient to support his conviction of Possession of a Controlled Substance—Suboxone Film. The Crimes Code defines the crime of Possession of a Controlled Substance as "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." 35 P.S. § 750-113(a)(16).

Perrone contends that the Commonwealth failed to establish that he actually possessed Suboxone Film when the testimony at trial was that an empty Suboxone Film wrapper was recovered during the pat-down search. We reiterate that circumstantial evidence may be used to establish a defendant's possession of drugs or contraband. ***See Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013), ***appeal denied***, 77 A.3d 636 (Pa. 2013). At trial, Sergeant Joseph Laughren testified that Perrone admitted to ingesting Suboxone Film on the day he was arrested, N.T., Trial, 2/27/13, at 189, and a subsequent blood test confirmed the presence of Suboxone Film in Perrone's system. We find such circumstantial evidence more than sufficient proof that Perrone possessed the Suboxone Film to support his conviction under 35 P.S. § 750-113(a)(16).

Lastly, Perrone argues that the evidence was insufficient to support his conviction of Driving Under Suspension – DUI Related, because the Commonwealth failed to introduce evidence that Perrone had actual notice that his operating privilege had been suspended. Appellant's Brief at 13. Proof of actual notice that an operator's driving license has been suspended is a necessary prerequisite to support a conviction under 75 Pa.C.S. § 1543(b). *See Commonwealth v. Vetrini*, 734 A.2d 404, 407 (Pa. Super. 1999). "Merely establishing that notice was mailed is not sufficient by itself to show actual notice." *Id*. (citation omitted). "Actual notice may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Commonwealth v. Brewington*, 779 A.2d 525, 527 (Pa. Super. 2001) (internal quotes and citation omitted).

> Moreover, [n]otice is a question of fact, and anything that proves knowledge or is legal evidence showing that knowledge exists can be sufficient. There are no bright line tests as to what kind of proof is required to show actual notice; however, this Court has indicated that evidence of mailing of notice coupled with some other, additional evidence of knowledge will suffice to establish actual notice beyond a reasonable doubt.

*Vetrini*, 734 A.2d at 407 (internal quotes and citations omitted).

Perrone's claim is patently meritless. The Commonwealth introduced into evidence Perrone's PennDOT driving record indicating the initial notice of suspension was mailed to Perrone on March 7, 2008. *See* Commonwealth's Exhibit No. 8. Additionally, Perrone's driving record indicated that after this date, Perrone was convicted of multiple violations of Driving Under

Suspension, and that his operator's license remained suspended at the time of his arrest in this case. *Id*. It is simply implausible to countenance that Perrone was unaware that his license was suspended, despite his repeated convictions for Driving Under Suspension. We find the mailing of the initial notice of suspension, combined with the evidence of Perrone's *repeated convictions* for Driving Under Suspension, sufficient evidence that Perrone had actual notice that his license was suspended. Therefore, this claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014