J-S08018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RANDY JOSEPH SIMMONS, | |
| Appellant | No. 803 WDA 2017 |

Appeal from the Judgment of Sentence, February 14, 2017,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0011447-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.                    FILED APRIL 06, 2018

Randy Simmons, appeals from the judgment of sentence entered after

a bench trial.  The trial court convicted Simmons of theft, simple assault,

and recklessly endangering another person.[1]  After careful review, we affirm.

The trial court recounted the trial testimony as follows:

On August 12, 2016 at approximately 11:00 p.m. Michael
Sudduth ("Sudduth") was in his apartment when [Simmons]
arrived.  Sudduth knew [Simmons] well, as he and [Simmons]
had been friends for approximately five (5) years, and
[Simmons] had lived with him for a period of time preceding this
incident.   When [Simmons] entered Sudduth's apartment,
[Simmons] stated "give me your money."  When Sudduth
refused, [Simmons] struck him in the jaw.  [Simmons] again

_____

[1] 18 Pa.C.S. §§ 3921(a), 2701(a), and 2705, respectively.  Simmons was
originally charged with more serious crimes but the court only convicted him
of these lesser offenses.

*Former Justice specially assigned to the Superior Court.

demanded money, and Sudduth refused. [Simmons] again struck Sudduth, and began to rifle through his pockets. Sudduth indicated that he was in a daze and left his apartment. One of the neighbors called the police. When the police arrived, Sudduth was sitting on a bench in the lobby of his apartment building. According to Brackenridge Borough Police Officer Justice McIntyre, Sudduth appeared to have a severe injury to the left side of his face. Sudduth immediately identified [Simmons] as the person who injured him. Sudduth was then transported to the hospital where he was diagnosed with a brain hemorrhage, broken jaw and multiple facial fractures. Sudduth does not have any permanent injuries or loss of function. While Sudduth admitted that he had consumed alcohol, he credibly testified that he was not drunk.

Trial Court Opinion, 8/24/17, at 3-4 (citations of testimony omitted).

On February 14, 2017, the trial court convicted Simmons of the above charges.[2] That same day, the trial court sentenced Simmons to an aggregate term of 9 to 18 months of incarceration followed by four years of probation. Simmons filed a post-sentence motion, which the trial court denied on May 2, 2017. This timely appeal followed. Both Simmons and the trial court have complied with Pa.R.A.P. 1925.

Simmons raises one issue on appeal:

1. Was the verdict of this case against the weight of the evidence?

---

[2] The trial judge acquitted Appellant of one count Robbery – inflict serious bodily injury (18 Pa.C.S.A. § 3701(a)(1)(i)), aggravated assault (18 Pa.C.S.A. § 2702(a)(a)), and theft by unlawful taking (18 Pa.C.S.A. § 2705).

Simmons contends that the verdict was so contrary to the evidence that it "shock[ed] one's sense of justice" and, as such, we must award him a new trial. Simmons' Brief at 15.

Our Supreme Court has held:

[a] verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

Significantly, in a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider de novo the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

Commonwealth v. Rivera, 983 A.2d 1211, 1225 (Pa. 2009) (internal quotations and citations omitted).

Simmons argues that the verdict was "manifestly unreasonable" in light of the evidence presented. Simmons' Brief at 13. First, he notes that

many pre-trial statements made by Sudduth contradicted his testimony at trial. For instance, Sudduth initially stated that his wallet was stolen, but later he found it. Sudduth also thought that Simmons had taken his cell phone, but discovered he had not. Sudduth stated that his cell phone battery was stolen, but found it in his apartment several days later. Additionally, Simmons argues that Sudduth had several beers that day, there was no physical evidence presented linking Simmons to the crime, and the police investigation, as characterized by Simmons, was "haphazard." For these reasons, Simmons argues his conviction was manifestly unreasonable.

The trial court determined that "there were no credible facts of record to give greater weight such that [the trial court's] verdict would be against the weight of the evidence." Trial Court Opinion, 4/24/17, at 5. This Court may not weigh the evidence and substitute our judgment for that of the fact-finder. See Commonwealth v. Vetrini, 734 A.2d 404, 407 (Pa. Super. 1999).

In finding Simmons guilty, the trial judge clearly believed Sudduth's testimony was credible, while finding that Simmons's testimony "utterly lacked credibility." Trial Court Opinion, 4/24/17, at 4-5. It was the fact finder's duty – in this case, the trial court – to resolve contradictions in Mr. Sudduth's testimony, and to evaluate the testimony of both Sudduth and Simmons for credibility. River, supra. Because the evidence presented was not "tenuous, vague and uncertain," the trial court did not abuse its

discretion in denying Simmons' post-sentence motion for a new trial. We therefore affirm Simmons's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2018