J-S31020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
        v.                    :
:
:
KENNETH WHITE            :
:
         Appellant       :    No. 1391 EDA 2017

Appeal from the Judgment of Sentence December 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006576-2016

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:           **FILED JUNE 12, 2018**

Kenneth White appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted, in a nonjury trial, of aggravated assault,[1] attempted arson,[2] possessing instruments of crime ("PIC"),[3] simple assault,[4] and recklessly endangering another person.[5] On appeal, White challenges the sufficiency of the evidence as to his aggravated assault and attempted arson convictions. After careful review, we affirm.

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] 18 Pa.C.S.A. §§ 901(a) and 3301.

[3] 18 Pa.C.S.A. § 907(a).

[4] 18 Pa.C.S.A. § 2701(a).

[5] 18 Pa.C.S.A. § 2705.

The trial court cogently set forth the facts of this case as follows:

On June 17, 2016, at approximately 3:00 [p.m.], Latanya Pressley ("Pressley") and [White] got into an argument about [White's] drinking and medication use. The argument soon escalated. Pressley locked herself in the bathroom because she was scared for her safety, but [White] kicked in the door. While Pressley cowered in the shower, [White] began spraying lighter fluid on the curtain, threatening to set her on fire.

In the meantime, Police Officer Matthew Rivera and backup officers responded to a radio call for a disturbance at the residence. Upon arriving at the property, Officer Rivera knocked on the front door but received no response. When he knocked on the front window, Officer Rivera heard a female screaming inside. He also heard what sounded like a struggle, including items being dropped. When Pressley heard Officer Rivera knocking, she pushed [White] and ran downstairs. [White] followed her. He opened the door, saw Officer Rivera, slammed the door, and ran to the back of the house. Pressley re-opened the door for Officer Rivera. She was screaming, crying, shaking hysterically, and pointing to [White], repeatedly claiming that [White] had tried to set her on fire. Officer Rivera immediately pursued [White], who was stopped by backup officers at the rear of the residence, and taken into custody.

As Officer Rivera surveyed the property, he saw the bathroom door hanging off its hinges, the furniture in disarray, and the shower curtain partially pulled down. He also noticed the "very strong" smell of lighter fluid. He saw lighter fluid sprayed on the bathroom floor and shower curtain. A bottle of lighter fluid was on the bathroom floor, and a lighter was on the floor just outside the bathroom. Pressley, herself, also smelled so strongly of lighter fluid that Officer Rivera could detect the odor even as she sat in the backseat of his patrol car with the windows open on the way to her interview with detectives.

Lieutenant Assistant Fire Marshal Steven McMichael (an expert in the field of the causes and origins of fires and explosions) was called to the scene, as was a trained, certified accelerant detection canine, "Chance." Chance alerted to lighter fluid in the bottle on the bathroom floor and on the bathroom rug. Lieutenant McMichael also observed the lighter on the floor a mere three feet from where the lighter fluid bottle was. Based on these

observations and Chance's response at the scene, Lieutenant McMichael concluded that someone had attempted to start a fire in the bathroom.

Trial Court Opinion, 8/3/17, at 1-3 (citations to record omitted).

On October 20, 2016, the Honorable Donna M. Woelpper found White guilty of the above charges. On December 23, 2016, the court sentenced White to an aggregate term of 3½ to 12 years' incarceration, followed by 7 years of probation. Post-sentence motions were denied by the trial court on April 19, 2017. White filed a timely notice of appeal to this Court, followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6]

White challenges the sufficiency of the evidence as to his aggravated assault and attempted arson convictions. We begin by noting our standard of review:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not [re]weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the

---

[6] The trial court found that White had waived his sufficiency claims because he failed to specify in his Rule 1925(b) statement the elements of the offenses he believes the Commonwealth failed to prove. White has requested that we either find that he has not waived the claims or, in the alternative, remand for the filing of an amended Rule 1925(b) statement. Because we believe the record is sufficient to address White's claims, we decline to either find waiver or require a remand and will address the merits of his claims.

evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Cunningham*, 805 A.2d 566, 570–71 (Pa. Super. 2002), quoting *Commonwealth v. Vetrini*, 734 A.2d 404, 406–07 (Pa. Super. 1999) (internal citations and brackets omitted).

To establish the crime of aggravated assault, the Commonwealth was required to demonstrate that White intended to inflict serious bodily injury upon the victim and committed any act constituting a substantial step toward inflicting such an injury. 18 Pa.C.S.A. § 2702(a)(1); *Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (en banc). In order to prove White committed attempted arson, the Commonwealth was required to prove that, with intent to commit arson, White did any act which constitutes a substantial step toward the commission of that crime. *See* 18 Pa.C.S.A. § 901(a). A person commits arson if he intentionally starts a fire, on his own property or on that of another, and thereby recklessly places another person in danger of death or bodily injury. *See* 18 Pa.C.S.A. § 3301(a). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa. upper. 2005) (citations omitted). Accordingly, intent may be proven by direct or

circumstantial evidence and may be inferred from acts, conduct or attendant circumstances. *Id.*

Here, the Commonwealth presented ample evidence to prove both aggravated assault and attempted arson. Officer Rivera testified that Pressley repeatedly told him, in the immediate aftermath of the incident, that White had tried to set her on fire. Officer Rivera stated that, at the time, Pressley was extremely upset, shaking, and crying hysterically. Officer Rivera also testified that he could smell the odor of lighter fluid emanating from Pressley's person, in the bathroom, and on White himself. A canine officer also confirmed the presence of lighter fluid in the bathroom, and both Officer Rivera and Lieutenant McMichael testified that there was a lighter lying on the floor directly outside the bathroom. Moreover, Pressley's statement to police, given the day of the incident, was admitted into evidence as a prior inconsistent statement and corroborated Officer Rivera's version of events.

White asserts that "[i]t is clear that the trial court in this case disbelieved Ms. Pressley's recantation of her statement to the detective and relied upon that statement" to find White guilty. Brief of Appellant, at 14. White argues that the verdicts cannot stand because they were based on the trial court's disbelief of Pressley's in-court testimony, rather than on affirmative proof presented by the Commonwealth. In support of his claim, White relies on *Commonwealth v. Scott*, 597 A.2d 1220 (Pa. Super. 1991), in which our Court held that it is impermissible to substitute trial court's disbelief of an appellant's testimony for presentation by the Commonwealth of evidence

beyond a reasonable doubt, and ***Commonwealth v. Brady***, 560 A.2d 802 (Pa. Super. 1989), in which we held that a finding by the trial court that an alleged accomplice was not credible does not support an affirmative inference of the appellant's guilt.  These cases are inapposite.

In both ***Scott*** and ***Brady***, the Commonwealth failed to present affirmative evidence of the appellants' guilt beyond a reasonable doubt.  Rather, the verdicts were based on the disbelief of witnesses' testimony.  In contrast, here, the Commonwealth presented ample affirmative evidence of White's guilt, not only through the testimony of Officer Rivera and Lieutenant McMichael, but also Pressley's own statement to police from the day of the incident.  Accordingly, while the trial court may well have disbelieved Pressley's recantation testimony, its verdict was also based on affirmative evidence of White's guilt provided by the Commonwealth.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/18