CHARLES CURRTWRIGHT, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**MASTER AND SERVANT:** Federal Employers' Liability Act—Assumption of Risk. An employee engaged in interstate commerce does not, under the Federal Employers' Liability Act, assume the risk arising out of the negligence of another employee.

**NEGLIGENCE:** Violation of Agreed Duty. A prima-facie case of negligence is presented, in an action under the Federal Employers' Liability Act, by testimony tending to show that a workman, in lifting an article in conjunction with plaintiff, was under an agreed duty to give warning in case he intended to release his load, and that this duty was violated, with resulting injury to plaintiff.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

MAY 13, 1924.

ACTION for damages for personal injuries received by the plaintiff while in the employ of the defendant. Verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*Hughes, Taylor & O'Brien* and *Stewart Holmes,* for appellant.

*George C. Gorman,* for appellee.

FAVILLE, J.—This action is brought under the Federal Employers' Liability Act.

Appellant admits that appellee was engaged in interstate commerce. Appellee was employed as a car repairman. It is his contention that he was engaged with three other workmen in moving a set of car wheels. This set consisted of two wheels, fastened together by an axle. In the process, "wheel sticks" are used. These are about five feet long. As we understand, the operation consists in putting two of these sticks under each end of the axle and lifting thereon, whereby the wheels are raised about an inch and a half from the ground. Four men are en-

gaged in the operation, two at each end of the axle.  It is appellee's contention that in this process the party lifting on the end of the axle with appellee let his wheel stick drop, without any warning, and that this caused the weight of the wheels to come suddenly on appellee's wheel stick, and the wheel stick struck him in the side, causing the injuries of which complaint is made.  Appellee was acting as foreman on the work.  Immediately after the wheels were dropped, as appellee claims, the work was resumed, and the wheels were moved.  The other three workmen employed with appellee at the time denied that there was any such dropping of the wheels as was testified to by appellee.

The action being under the Federal Employers' Liability Act, appellant is liable for the injury to appellee if it resulted in whole or in part from the negligence of any of its officers, agents, or employees.  It is specially pleaded by appellant that appellee assumed the risk of an injury of this character due to the negligence of a fellow servant.  Such is not the rule.  In *Byram v. Illinois Cent. R. Co.*, 172 Iowa 631, we said:

1. MASTER AND SERVANT: Federal Employers' Liability Act: assumption of risk.

"It is also clear that the plaintiff did not assume the risk arising out of the negligence of another employee; for this he could not anticipate or guard against.  *Caverhill v. Boston & M. R. Co.*, (N. H.) 91 Atl. 917; *Norfolk & W. R. Co. v. Earnest*, 229 U. S. 114.  Indeed, this rule is so well settled that no authority need have been cited in its support."

See, also, *Reed v. Dickinson*, 184 Iowa 1363.

The important question in the case is whether or not there was sufficient evidence of the negligence of the fellow workman to warrant a recovery.  Usually the question of whether a party has been guilty of negligence is one for the jury.  In determining whether or not the case should have gone to the jury, we must consider appellee's evidence in the light most favorable to him.

2. NEGLIGENCE: violation of agreed duty.

The evidence is in direct conflict as to what in fact occurred at the time appellee claims the injury took place.  The fact that the greater number of witnesses disputed appellee's testimony did not alone entitle appellant to a directed verdict.  The jury

might well have found against appellee on the facts; but we cannot reverse, under such circumstances, where there is substantial evidence to sustain appellee's claim. The record presented a question for the jury. There was evidence in the record that, under such conditions as it is claimed existed at the time of the injury, it was the understanding among the employees engaged upon the work that, if one of them intended to release or drop the "wheel stick" with which he was working, he would give a warning signal; and that none was given.

Appellant relies upon *Andrews v. Chicago G. W. R. Co.*, 129 Iowa 162. The case is distinguishable from the case at bar. It did not arise under the Federal Employers' Liability Act. In that case there was no claim that it was understood that a warning was to be given if one of the workmen was about to drop the article they were lifting. In fact, in that case no negligence was charged against the fellow workman.

The case at bar is more nearly like *Cahill v. Illinois Cent. R. Co.*, 148 Iowa 241, where railroad employees were moving a hand car, when one of them who was holding up one corner let it fall, without warning, although it was shown that it was customary to give such a warning. We said:

"Presumptively such act was voluntary, and, being a violation of the duty which he owed to others engaged in lifting the car, it was negligent."

A like custom was pleaded in this case, and there was evidence tending to sustain it.

The case is also similar to *Reed v. Dickinson,* supra, which arose under the Federal Employers' Liability Act. In that case, the plaintiff was engaged with other employees in moving steel rails by the use of pinch bars. The evidence tended to show that, whenever the parties got a rail loosened, they should warn each other. While plaintiff was standing with his bar in the bolt hole of the rail, pressing, the fellow workman, without warning, and without giving the signal he was instructed to give, suddenly jerked his rail loose, causing plaintiff's bar to strike him and cause an injury. We held that that case was one for the jury.

Under the record in this case, the court did not err in submitting the case to the jury on the question of negligence. The

verdict having substantial support in the evidence, we cannot interfere.

It follows that the judgment appealed from must be—*Affirmed.*

Arthur, C. J., Evans and Preston, JJ., concur.