J-S64002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EFRAIN GUADIONEX HIDALGO, JR. | |
| Appellant | No. 1264 WDA 2013 |

Appeal from the PCRA Order July 5, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000094-2000

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 15, 2014**

Efrain Guadionex Hidalgo, Jr., appeals from the trial court's order denying his petition to vacate an illegal sentence, which was treated as a petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we affirm.

Hidalgo was convicted, following a jury trial, of five counts of possession with intent to deliver (heroin),[2] criminal conspiracy,[3] dealing in proceeds of unlawful activities,[4] corrupt organizations[5] and corrupt

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. 780-113(A)(30).

[3] 18 Pa.C.S. § 903(A)(1).

[4] 18 Pa.C.S. § 5111(A)(1).

organizations (conspiracy). On September 26, 2000, Hidalgo was sentenced to an aggregate term of 60-150 years of imprisonment. The jury did not render a decision regarding the amount of heroin Hidalgo possessed.

On October 4, 2000, Hidalgo filed a motion for reconsideration/modification of sentence, which was denied without a hearing. He appealed that decision to our Court. On July 23, 2001, this Court affirmed Hidalgo's judgment of sentence. Hidalgo filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied on January 24, 2002. On June 10, 2002, Hidalgo filed a *pro se* PCRA petition, which was denied on April 13, 2006. After Hidalgo challenged the denial of his petition in a collateral appeal, our Court denied him relief on April 11, 2007. Hidalgo filed a petition for allowance of appeal from that decision, which was denied by our Supreme Court on August 20, 2008.

On October 17, 2011, Hidalgo filed the underlying *pro se* "Motion to Vacate Illegal Sentence" alleging that the mandatory minimum sentence imposed by the trial court for counts 6 and 9 were illegal because the law does not permit the application of mandatory sentences for conspiracy convictions. The trial court determined that the matter was properly captioned as a PCRA petition and appointed counsel to represent Hidalgo. **See** Order of Court, 1/13/12. Counsel filed an amended motion on March

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[5] 18 Pa.C.S. § 911(b)(3).

28, 2012. The trial court denied that motion on July 5, 2013, and this appeal followed.

On appeal, Hidalgo raises the following issues for our consideration:

(1) The trial court erred by denying Appellant's motion to vacate [an] illegal sentence.

(2) Appellant's sentence constitutes an illegal sentence because the trial court imposed mandatory minimum sentences imposed against Appellant without a jury finding that Appellant possessed with the intent to deliver the requisite amount of heroin to trigger the mandatories as required by **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[6]

Before we address the merits of Hidalgo's arguments on appeal, we must first address the Commonwealth's claim that Hidalgo's underlying "Motion to Vacate Illegal Sentence" is the functional equivalent of an untimely filed PCRA petition. If Hidalgo's motion should, in fact, be treated as a PCRA petition, then we must examine it in light of the timeliness and jurisdictional requirements under the PCRA.

Hidalgo argues that because his claim implicates the legality of his sentence, it is non-waivable. While that legal precept may be true, our Court recently reiterated the well-established principle that "all motions[, even those including illegal sentence claims,] filed after a judgment of

_____

[6] In **Alleyne**, a case concerning the application of a federal mandatory minimum statute, the Supreme Court held that any fact that triggers an increase in the mandatory minimum sentence for a crime is necessarily an element of the offense. **Id.** at 2163-64.

sentence is final are to be construed as PCRA petitions." ***Commonwealth v. Taylor***, 65 A.2d 462, 466 (Pa. Super. 2013) (citation omitted). Moreover, while a challenge to the legality of the sentence may be raised as a matter of right and is generally non-waivable, a court may only entertain a challenge to the legality of the sentence *if the court has jurisdiction to hear the claim*. ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005).

In ***Taylor***, ***supra***, the defendant raised an illegal sentence claim, contending that because the jury did not determine whether he caused serious bodily injury to the victim, his sentence under 18 Pa.C.S. § 1102(c), exceeded the statutory maximum (an ***Apprendi***[7] issue). ***Id.*** 465. On appeal, our Court determined that the defendant's *habeas corpus* motion, raising the claim that his sentence exceeded the lawful maximum, must be treated as a PCRA petition. ***Id.*** at 467-68. Finding that the petition was filed untimely and that the defendant failed to allege and prove an exception to the PCRA's time bar, our Court affirmed the trial court's order denying his petition. ***Id.*** at 468. Just as the Court in ***Taylor*** treated the defendant's motion, raising an illegal sentence claim, as a PCRA petition, we must do the same in this case. ***See Commonwealth v. Munday***, 78 A.3d 661, 665 (Pa.

_____

[7] In ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Id.*** at 490.

Super. 2013) ("[w]hile **Harris** limited **Apprendi** to facts increasing the statutory maximum, the principle applied in **Apprendi** applies with equal force to facts increasing the mandatory minimum.").

The PCRA statute is intended as the sole means of collaterally challenging a sentence. **See** 42 Pa.C.S. § 9542. The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. **Commonwealth v. Stokes**, 959 A.2d 306, 309 (Pa. 2008). Moreover, the question of whether a petition was timely filed is a question of law. **Commonwealth v. Fahy**, 959 A.2d 312 (Pa. 2008).[8]

In order for Hidalgo's petition to be considered timely, it must have been filed within one year of the date his judgment of sentence became final, unless he alleges and proves that an exception to the one-year time-bar is met. **See** 42 Pa.C.S. § 9545. Here, Hidalgo's judgment of sentence became final on April 24, 2002, when the time expired to file a writ of

_____

[8] Hidalgo cites **Commonwealth v. Foster**, 17 A.3d 332 (Pa. 2009) (plurality), to support the position that his motion should not be treated as a PCRA petition. In **Foster**, our Supreme Court held that the defendant, an unarmed co-conspirator, did not waive his challenge to the imposition of a mandatory minimum sentence due to his failure to raise the issue in post-sentence motions or in a Pa.R.A.P. 2119(f) statement. A critical distinction between that case and the present situation, however, is that in **Foster** the defendant's sentence was not yet final. Here Hidalgo raises his legality of sentence claim in a motion filed well after his judgment of sentence became final. While this Court has applied **Alleyne** retroactively, it has only done so with regard to defendants who raise the issue on reconsideration/reargument from their direct appeal. **See Commonwealth v. Newman**, 2014 PA Super 178 (Pa. Super. 2014).

certiorari with the United States Supreme Court following the denial of Hidalgo's petition for allowance of appeal. 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13. Hidalgo filed his petition on October 17, 2011, more than nine years after his judgment of sentence became final. Therefore, it is facially untimely. Moreover, Hidalgo did not allege below or on appeal any exceptions to the PCRA's time bar. In fact, he consistently contends that his motion is *not* a PCRA petition. Accordingly, because the trial court did not have jurisdiction to consider the merits of his untimely petition, it was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014