J-S75022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR HARRIS | |
| Appellant | No. 605 EDA 2014 |

Appeal from the Judgment of Sentence December 16, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005222-2013

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 16, 2015**

Victor Harris appeals from the judgment of sentence imposed by the Court of Common Pleas of Bucks County following his conviction for possession with intent to deliver a controlled substance.[1]   After careful review, we affirm.

The trial court summarized the facts of this case as follows:

On October 23, 2012, Bensalem Police Officers conducted a controlled buy of narcotics from [Harris].   A confidential informant was utilized to purchase seven bags of cocaine for $80.00.

Arrangements were made for [Harris] to sell the informant cocaine at the Stadium Bar in Bensalem, Bucks County, Pennsylvania.   Bensalem Police Sergeant Busch and Officers Smith and Brady conducted the surveillance concerning the transaction.   Officer Brady testified that he observed [Harris]

---

[1] 35 P.S. § 780-113(a)(30).

hand a plastic bag to the informant. The informant, in exchange, was observed counting and handing cash to [Harris].

After the transaction, Officer Brady maintained visual contact with the informant. They met in a secluded area of the parking lot and the informant handed the bags containing white powder to Officer Brady and returned $120.00 of the pre-recorded 'buy' money.

The bags were submitted to the Bucks County Crime Law for analysis. The lab determined that the bags contained 1.83 grams of cocaine.

On October 7, 2013, the case proceeded to trial. [Harris] raised a single pre-trial motion to disclose the identity of the informant. The motion was denied as [Harris] readily admitted he already knew the identity of the informant, but insisted on confronting and cross-examining this person. The Commonwealth elected to proceed to trial with[out] calling the informant as a witness.

The jury returned a verdict of guilty as to the lone count of the Criminal Information, Delivery of a Controlled Substance. A Pre-Sentence Report was ordered and on December 15, 2013. [Harris] was sentenced to not less than three and one half nor more than seven years in a State Correctional Institution.

Trial Court Opinion, 5/9/14, at 1-2.

Harris filed a petition for reconsideration of sentence on December 23, 2014, which the trial court denied on January 23, 2014.

On appeal, Harris raises the following issues for our review:

1. Whether the trial court erred in not granting [Harris'] motion to disclose the identity of the confidential informant?

2. Whether the jury verdict was against the weight of the evidence?

Appellant's Brief, at 3.

In an appeal from an order denying a motion to disclose the identity of a confidential informant, our standard of review "is to determine whether the

- 2 -

trial court abused its discretion in denying appellant's request for discovery." *Commonwealth v. Belenky*, 777 A.2d 483, 487 (Pa. Super. 2001). In his Pa.R.A.P. 1925(a) opinion, the Honorable Wallace H. Bateman, Jr., succinctly and thoroughly addresses this issue. Therefore, based upon Judge Bateman's analysis at pages 5-6 of his opinion, we conclude that Harris is not entitled to relief on this issue.

Harris next asserts that the verdict was against the weight of the evidence. Such claim must be raised with the trial judge in a motion for a new trial. *See* Pa.R.Crim.P. 607. Harris' counseled petition for reconsideration of sentence does not raise a weight of the evidence claim, and accordingly, the claim is waived. *See Commonwealth v. Bryant*, 57 A.3d 191 (Pa. Super. 2012) (failure to challenge weight of evidence prior to sentencing or in post-sentence motion results in waiver). Thus, we are precluded from reviewing this issue.

Because we affirm based on Judge Bateman's analysis of the only properly preserved issue, we instruct the parties to attach a copy of Judge Bateman's decision in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/2015

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    No.: CP-09-CR-0005222-2013
                     :
          v.          :
                     :
VICTOR HARRIS             :

## Opinion

### I. INTRODUCTION

Defendant Victor Harris (hereinafter "Appellant") appeals to the Superior Court of Pennsylvania from his conviction and judgment of sentence. We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a).

### II. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2012, Bensalem Police Officers conducted a controlled buy of narcotics from Appellant. (N.T., 10/7/13 p.11) A confidential informant was utilized to purchase seven bags of cocaine for $80.00. (N.T., 10/7/13 p.11)

Arrangements were made for Appellant to sell the informant cocaine at the Stadium Bar in Bensalem, Bucks County, Pennsylvania. (N.T., 10/7/13, p.11) Bensalem Police Sergeant Busch and Officers Smith and Brady conducted the surveillance concerning the transaction. Officer Brady testified that he observed Appellant hand a plastic bag to the informant. The informant, in exchange, was observed counting and handing cash to Appellant. (N.T., 10/7/13 p.15, 40)

After the transaction, Officer Brady maintained visual contact with the informant. . (N.T., 10/7/13 p.16) They met in a secluded area of the parking lot and the informant handed the bags containing white powder to Officer Brady and returned $120.00 of the pre-recorded "buy" money. . (N.T., 10/7/13 p.16-17)

1



The bags were submitted to the Bucks County Crime Lab for analysis. The lab determined that the bags contained 1.83 grams of cocaine. . . (N.T., 10/7/13 pp.5-7)

On October 7, 2013, the case proceeded to trial. Appellant raised a single pre-trial motion to disclose the identity of the informant (N.T. Oct. 7, 2013) (pp. 5-7). The motion was denied as Appellant readily admitted he already knew the identity of the informant, but insisted on confronting and cross-examining this person. The Commonwealth elected to proceed to trial with calling the informant as a witness.

The jury returned a verdict of guilty as to the lone count of the Criminal Information, Delivery of a Controlled Substance.[1] A Pre-Sentence Report was ordered and on December 15, 2013, Appellant was sentenced to not less than three and one half nor more than seven years in a State Correctional Institution.[2]

Appellant has timely filed an Appeal to the Superior Court from this conviction.

### III. MATTERS COMPLAINED OF ON APPEAL

We served a 1925(b) Motion upon counsel for Appellant. Although counsel has failed to respond in a timely manner, Appellant has filed a *pro se* 1925(b) Matters Complained of On Appeal. Appellant has also claimed a breakdown in the attorney-client relationship.[3] While the purpose of PA R.A.P. 3304 is to prohibit hybrid representation, we are aware of Commonwealth v. Cooper, 611 Pa. 437 (2011). Disregarding Appellant's *pro se* filing would merely delay resolution of his claims until they can be raised under the Post Conviction Relief Act. Since we believe we can dispose of his

---

[1] 34 PA C.S.A. 780-1138 § A30(F)

[2] Appellant's Sentencing Guidelines recommended a standard range sentence of 27-40 months.

[3] Although granted an extension, trial counsel did not timely respond to our 1925(b) order, nor did counsel forward to the court reporter our order to transcribe the notes of testimony. Appellant has alleged a breakdown of the attorney-client relationship. We offer no opinion on this allegation without holding a hearing on the issue raised. However, we have vacated the appointment of trial counsel and appointed new counsel to represent Appellant.

2

claims on the merits, we believe it to be in the interests of all to do so. Therefore, we will address the merits of Appellant's Appeal. Appellant has raised the following issues for appeal, *verbatim*:

1. Defendant wishes to argue that the Affidavit of Probable Cause in no way adequately reveal the "basis of knowledge" of the confidential informant.- the particular means by which he came by the information given in his report to Affiant. Also, the affidavit in no way sufficiently establish either the "Veracity" of the confidential informant, or alternatively, the "reliability" of the informant's report in this particular case or in past cases. Defendant wishes to argue that the affidavit lacked any reference to both the Veracity and the Basis of Knowledge of the confidential informant, thus failing to meet the basic requirements set forth in the "totality of circumstances" standard presented in Ill vs. Gates 462 U.S. 213. The information set forth in the affidavit was never verified by an independent police investigation, and by using this information to arrest Defendant, Defendant has been denied due process.

2. Defendant also wishes to argue, that the affidavit of probable cause stemming from an incident reported October 23, 2012. Warrant having been issued December 4, 2012 and the same warrant reissued May 7, 2013. Constitutes state warrant information under Pa.R. Crim.P.2005. This violated Defendant's 4th amendment rights and right garuanteed under PA Constitution Article 1-8. Defendant will argue that the affidavit of probable cause is invalid for this reason and should have been suppressed (along with any evidence presented) for failure to meet the probable cause demand set forth in U.S. Constitution Amendment IV.

3. Defendant also wishes to argue, that the sworn affidavit submitted to the issuing magistrate by affiant Ofc Michael Brady 32242 contained fabricated information in support of this aguement, Defendant will utilize notes of testimony from preliminary transcript dated 4-10-2013 wherein on page 13 line 6 thru 9, Ofc Michael Brady under oath stated that he "didn't see what the two items were". And again on page 15, line 21 thru 23, Ofc Michael Brady stated that "at the time of the actual transaction, I was unaware of what the actual items were at the conclusion of my investigation . . .". These testimonial notes clearly show statements inconsistent with the statements written in the affidavit of probable cause. Due to this fabricated information the issuing magistrate was forced to rely on false information. And in no way could have made a common sense rational decision based on the facts before him, being that the information provided was false.

4. Defendant also wishes to argue, that the prosecution withheld exculpatory- impeaching evidence. The prosecution did withhold from the Defendant vital evidence that could have been used to impeach the credibility of the confidential informant. This information includes but is not limited to an active bench warrant issued by Judge Wallace H. Bateman on May 22, 2013, and active arrest warrant issued on March 15th by Tullytown police department, a deal made with the prosecution and the Bensalem police department and special probation issued by Judge Wallace H. Bateman. The prosecution also withheld information regarding the confidential informant's arrest record and previous failure to appear to trial and parole violation proceedings. This withholding of evidence is in violation of Brady vs. Maryland.

3

5. The Defendant also wishes to argue, that witnesses at trial proceeding were not properly sequestered before the trial testimony began. This improper sequestration resulted in the testimony of lead witness for the prosecution Ofc Michael Brady's testimony being heard and observed by the remaining witnesses for the prosecution thus denying the Defendant of his right to a fair trial.

6. Defendant wishes to argue that the trial court erred in denying Defendant's motion to disclose identity of the confidential informant pursuant Rule Pa.R.Crim.P.305(B)(2)(a). Defendant will argue that is was clearly stated in the affidavit that the confidential informants was a material witness absolutely necessary to the preparation of a defense, and by withholding the confidential informant's identity the commonwealth did deny the Defendant the right to a fair trial garuanteed in the U.S. constitution. Defendant wishes to argue that the courts grossly abused its power and its discretion in denying defendant's request for discovery. This denial resulted in a trial in which the jury had to rely solely on testimony of officers not on testimony provided by a confidential informant who set up this alledged criminal occurrence and played a prominent part in it. Defendant will argue that there could not be a charge of delivery of a controlled substance without testimony of the person who the controlled substance was alledgedly delivered to.

7. Defendant wishes to argue that Affiant and lead witness for the Prosecution Ofc Michael Brady did knowingly make statements before the jury inconsistent with statements given at preliminary hearing. Defendant will argue and show thru testimonial notes that Ofc Michael Brady's inconsistent statements were blatantly misleading and so undermined the truth determining process that no fair finding of facts could be undertaken by jurors.

8. Defendant wishes to argue, ineffective assistance of counsel. Defendant wishes to argue and challenge the stewardship of counsel Harry J. Cooper. Defendant will plead and prove that counsel's performance was unreasonable, and that Defendant suffered prejudice as a result of counsel's performance or lack thereof. Defendant will argue pursuant to 42Pa CSA 9543(a)(2)(ii). That counsel prior to and at trial committed the following errors, including but not limited to (A) Even though Defendant informed counsel of confidential informant's full names, counsel never attempted to do even the minimal amount of due diligence in locating this witness neither did the call informant/material witness to testify. (B) Counsel never attempted to suppress evidence obtained thru an invalid warrant. (C) Counsel did not request witnesses be sequestered before testimony began and did not call for a mistrial after witnesses were improperly sequestered. (D) When witnesses made prior statements inconsistent with his trial testimony counsel failed to introduce entire statement for purpose of impeachment. For these facts and others not listed, Defendant wishes to argue ineffective assistance of counsel.

9. Defendant also wishes to argue that the prosecution failed to prove elements of the crime beyond a reasonable doubt. Batson Violation

At the outset, we note that Appellant's first three issues cover the probable cause recited in the affidavit attached to the criminal complaint. We do not believe these issues were ever raised and are,

4

therefore, deemed to be waived. Moreover, the jury heard the evidence and determined the evidence to be credible beyond a reasonable doubt, thus nullifying Appellant's objection to the affidavit as lacking in probable cause and containing false information.

Appellant also claims that witnesses were not properly sequestered before testimony began. Again, this was not raised at the time of trial and is, therefore, deemed waived. Even if raised, we do not believe it would have been proper to grant sequestration as to Sergeant Brady. Sergeant Brady was the affiant and prosecuting officer, and as such would have been permitted to remain in the courtroom to assist the Commonwealth's attorney. Lastly, Appellant's claim could have been argued to the jury as a factor in determining credibility.

Appellant has claimed that this court erred in not requiring disclosure of the confidential informant. As noted above, Appellant was well aware of this informant's identity.

It is well established that if a defendant can establish that an informant's identity would be material to his defense, the trial court, in its' discretion, may order disclosure of the informant's identify. Commonwealth v. Marsh, 606 Pa. 254 (2010); Commonwealth v. Bing, 551 Pa. 659 (1998). The court must balance all relevant factors in order to determine whether disclosure is material and reasonable. The determination of whether disclosure should be made is to be decided on the particular facts of each case. The trial court may consider possible defenses and the significance of the informant's testimony. Marsh, *supra*.

Generally, the Commonwealth has a qualified privilege to withhold the identity of a confidential informant. See Bing, *supra*, Commonwealth v. Roebuck, 545 Pa. 471, 1283 n. 6 (1996). The threshold inquiry is whether the information sought is material and reasonable. See PA Rules Crim.Proc., Rule 573 (B)(2)(a)(i); Roebuck, *supra*. Only after a defendant can show that identification is material to the defense, is the trial court required to determine whether the information should be

5

disclosed. The balancing of all factors should be weighed in favor of the Commonwealth's qualified privilege. Bing, *supra*

In Marsh, our Supreme Court offered guidance in determining whether disclosure is mandated. The trial court must balance the Commonwealth's interest in protecting information against a defendant's right to prepare a defense.

> "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Commonwealth v. Marsh, 606 Pa. 265 (2010), *citing* Commonwealth v. Carter, 427 Pa 53 (1967) (quoting Roviaro v. United States, 353 U.S. 53 (1957).

In the case at bar, the identity of the informant was known to Appellant notwithstanding the delay between incident and arrest of approximately 6 months. Appellant's motion and argument allege it is a violation of his "right to" confront his accuser and to prepare a meaningful defense. As in Commonwealth v. Marsh, 606 Pa. 254 (2010), there was no allegation of mistaken identity or other reason offered that would be possibly helpful to the defense.[4] As noted above, since the identity was already known to Appellant and no legitimate reason was offered for disclosure, we concluded that the motion for disclosure would be denied. It appears Appellant was simply seeking public verification of who he already knew to be the informant. Appellant claims the informant was a material witness, but yet chose not to subpoena the witness himself. We carefully evaluated all relevant factors and determined Appellant's argument to be without merit.

Appellant's seventh and ninth claims of error relate to credibility and sufficiency of the evidence. Appellant claims the testimony of Sergeant Bready was not credible and that the Commonwealth did not prove the elements of the offense beyond a reasonable doubt.

---

[4] Appellant failed to present any evidence in support of his position. Appellant claimed disclosure was necessary without offering a plausible explanation of his position.

On appeal, the standard that the appellate court applies in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. Commonwealth v. Heberling, 678 A.2d 794, 795 (Pa. Super. 1996). The Superior Court in Commonwealth v. Ventrini, 734 A.2d 404 (Pa. Super. 1999) elaborated:

> In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. 734 A.2d 404, 406-07 (Pa. Super. 1999)(citations and quotation marks omitted).

"The trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." Commonwealth v. Reynolds, 835 A.2d 720, 726 (Pa. Super. 2003)

As referenced above, the evidence viewed in the light most favorable and the Commonwealth established that Appellant delivered seven packets of cocaine to a confidential informant for the sum of $80.00. The jury weighed the evidence and concluded Appellant delivered the cocaine to a third person. There was ample and credible evidence for the jury to reach its verdict.

Appellant's last claim is that counsel was ineffective in his representation of Appellant. Issues that are cognizable under the Post-Conviction Relief Act must be raised in a Post-Conviction Relief Act petition. A petition for relief must be filed within one year of the date the judgment of sentence becomes final. Commonwealth v. Taylor, 65 A.2d 462 (Pa. Super. 2013).

7

For purposes of Post- Conviction Relief Act, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review". 42 PA CSA 9545. These allegations cannot be determined without a hearing on the merits. At present, we are without jurisdiction to decide Appellant's claims of ineffective assistance of counsel. However, we will hold a Post-Conviction Relief Act hearing, if necessary, upon conclusion of this appeal.

## IV.   CONCLUSION

For all of the above reasons, it is respectfully submitted that Appellant's Appeal be denied.

BY THE COURT:

Date: _May 9, 2014_

_____
WALLACE H. BATEMAN, JR., J.

8