J-S19028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLASTUL FELIZ, | |
| Appellant | No. 1479 MDA 2016 |

Appeal from the PCRA Order Entered August 10, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):
CP-06-CR-0004900-1999
CP-06-CR-0006080-2003

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 12, 2017**

Appellant, Clastul Feliz, appeals *pro se* from the post-conviction court's August 10, 2016 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's underlying convictions are unnecessary to our disposition of his appeal.  However, we briefly note that in February of 2000, Appellant and a cohort chased Jose Osario Rodriguez down a public street in the City of Reading, shooting Rodriguez 14 times while several innocent bystanders looked on.  After the shooting, Appellant fled to Puerto Rico, where he was eventually apprehended on unrelated, federal drug and

_____

[*] Former Justice specially assigned to the Superior Court.

firearm charges.  Upon his arrest, Appellant was extradited to Berks County to face the charges stemming from Rodriguez's murder.[1]

> On February 3, 2004, [Appellant] entered a guilty plea on docket 6080-2003 to one count of Murder of the Third Degree[1], and one count of Firearms not to be Carried without a License[2], and [Appellant] was sentenced to serve not less than twenty (20) years, nor more than forty (40) years, in the Bureau of Corrections for that docket.  In docket 4900-1999, [Appellant] pled guilty to one count of Receiving Stolen Property[3], and was sentenced to serve not less than nine (9) months nor more than seven (7) years, concurrent with the sentence imposed at docket 6080-2003.  A post-sentence motion was filed on February 10, 2004, and was denied after a hearing was held.
>
> [1] 18 Pa.C.S.A. §2502(c).
> [2] 18 Pa.C.S.A. §6106(a).
> [3] 18 Pa.C.S.A. §3925(a).

PCRA Court Opinion (PCO), 11/29/16, at 1.

Appellant did not file an appeal from his judgment of sentence for receiving stolen property, which was imposed on February 3, 2004. Consequently, the judgment of sentence in that case became final thirty days thereafter, or on March 4, 2004.  ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a)

---

[1] According to the Commonwealth, at the time of his arrest in Puerto Rico, Appellant also had an outstanding warrant for a charge of receiving stolen property.  Appellant had been charged with that offense in December of 1999, and he was initially admitted into the Accelerated Rehabilitative Disposition program.  However, in May of 2000, Appellant was removed from that program and a bench warrant was issued for his arrest for that offense.

(directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).

Appellant did, however, file a timely appeal from the judgment of sentence imposed for his murder and firearm convictions, and this Court affirmed on March 7, 2005. **Commonwealth v. Feliz**, 875 A.2d 385 (Pa. Super. filed March 7, 2005) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Consequently, his judgment of sentence in that case became final on April 6, 2005. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

In February of 2010, Appellant filed his first PCRA petition and counsel was appointed. Ultimately, that petition was denied, and Appellant did not file an appeal.

On January 18, 2015, Appellant filed a "Motion for Corrected Time Credit," arguing "that he is owed time credit, because while he was in federal detention in Puerto Rico, a Pennsylvania detainer was in place, which prevented him from receiving bail on the federal 'bailable' offenses." PCO at 2 (citing "Motion for Corrected Time Credit," 1/18/15, at 2-3). The court properly treated Appellant's motion as a PCRA petition, as the claim he

raised therein challenged the legality of his sentence.[2]  The court appointed counsel to represent Appellant, but on January 12, 2016, counsel filed a petition to withdraw and a *Turner/Finley* 'no merit' letter.[3]  On June 29, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely filed.  That same day, the court also issued an order granting counsel's petition to withdraw.  Appellant did not file a response to the Rule 907 notice, and on August 10, 2016, the PCRA court issued an order denying his petition.

Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Herein, he presents one issue for our review: "Is [] Appellant entitled to time credit for the pre-trial period he spent confined pursuant to both state and federal arrests?"  Appellant's Brief at 5.

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the

---

[2] *See Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004) (holding that a petition for time credit challenges the legality of the sentence and is cognizable under the PCRA); *see also Commonwealth v. Taylor*, 65 A.2d 462, 465 (Pa. Super. 2013) (stating that "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief[,]" and thus, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition").

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as set forth *supra*, Appellant's judgment of sentence for receiving stolen property became final in March of 2004, and his judgment of sentence for murder and carrying a firearm without a license became final in April of 2005. Consequently, his PCRA petition filed in January of 2015 is patently untimely and, for this Court to have jurisdiction to review the merits of his sentencing claim, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).[4]

Appellant wholly fails to meet this burden. He at no point mentions the timeliness exceptions set forth above, nor provides any discussion that could even be liberally construed as an attempt to prove the applicability of one of them. Moreover, Appellant does not acknowledge the time requirement set forth in section 9545(b)(2), or explain how we could possibly view his current petition as being filed within 60 days of the date on which this claim could have first been presented. Indeed, as the PCRA court

---

[4] Although a challenge to the legality of a sentence is a non-waivable claim, a petitioner must still satisfy the PCRA timeliness requirements to invoke this Court's jurisdiction to review such issues. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

points out, "in [Appellant's] petition, he states that the sentencing judge denied his request to receive credit toward his sentence[,]" thus demonstrating that Appellant has known about this issue since his sentencing hearing over a decade ago. For these reasons, we see no error in the PCRA court's decision to deny Appellant's petition as being untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2017