J-S72012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONNIE SPELLMAN, | |
| Appellant | No. 2904 EDA 2016 |

Appeal from the PCRA Order Entered August 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010295-2009

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 22, 2018**

Appellant, Lonnie Spellman, appeals *pro se* from the post-conviction court's August 24, 2016 order denying, as untimely, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not necessary to our disposition of this appeal.  We briefly summarize the procedural history of his case as follows.  On January 6, 2010, Appellant was convicted of several firearm offenses following a bench trial.  On February 18, 2010, he was sentenced to an aggregate term of 5 to 10 years' incarceration.  Appellant did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On May 10, 2010, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf. A PCRA hearing was conducted on February 27, 2012, at the conclusion of which the court entered an order dismissing Appellant's petition. He filed a timely notice of appeal, however his counsel at that point, Emily Cherniak, Esq., did not timely comply with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Accordingly, this Court deemed all of Appellant's issues waived, and affirmed the order dismissing his PCRA petition. **See Commonwealth v. Spellman**, No. 883 EDA 2012, unpublished memorandum at 6-8 (Pa. Super. filed Dec. 4, 2013).

Over one year later, on December 26, 2014, Attorney Cherniak filed a PCRA petition on Appellant's behalf, seeking the reinstatement of his right to appeal from the denial of his first PCRA petition.[1] On May 2, 2016, the Commonwealth filed a responsive brief, arguing that Appellant's December 26, 2014 petition was patently untimely and, as such, the PCRA court did not have jurisdiction to grant him the requested relief of reinstating his appeal rights. On August 24, 2016, the PCRA court issued an order dismissing Appellant's petition.

---

[1] As Attorney Cherniak was essentially claiming her own ineffectiveness in that petition, she concurrently filed a motion to withdraw as Appellant's counsel. However, the court did not rule on that motion to withdraw.

Appellant filed a timely, *pro se* notice of appeal on September 9, 2016. On September 16, 2016, Attorney Cherniak filed another motion to withdraw as his counsel, which the court subsequently granted. Appellant then filed a timely, *pro se* Rule 1925(b) statement. The PCRA court filed its opinion on April 24, 2017.

Herein, Appellant raises three issues for our review:

[I.] Whether the [PCRA] court erred in denying post[-]conviction relief…, where [Appellant] requested the court to restore the right to appeal the dismissal of his first PCRA petition?

[II.] Whether the [PCRA] court erred in denying post[-]conviction relief, where the courts and the Commonwealth did not address the issues of mandatory sentencing, and biasness at the sentencing stage?

[III.] Whether the [PCRA] court erred in denying post[-]conviction relief, where it failed to send a statement pursuant to [Pa.R.Crim.P.] 907, to *pro se* [Appellant] who is in custody?

Appellant's Brief at 6 (unnumbered; unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of

the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 20, 2010, at the expiration of the thirty-day period for filing an appeal from his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence becomes final at the conclusion of direct review or the expiration of

- 4 -

the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Accordingly, his present petition, filed on December 26, 2014, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden, as he does not argue that any exception applies in his case. Instead, Appellant avers that the evidence was insufficient to sustain his convictions, *see* Appellant's Brief at 11-12, and that the trial court erred in fashioning his sentence for various reasons, *see id.* at 12-14. Neither of these arguments meets a timeliness exception. Moreover, Appellant's bald claim that "all prior counsel were ineffective for failing to properly preserve" these issues also cannot satisfy one of the above-stated exceptions. *Id.* at 11; *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted).[2]

---

[2] In any event, even if each of Appellant's claims met a timeliness exception, we would have to deem his arguments waived, as they could have been raised in an appeal from his judgment of sentence, or in his prior PCRA petition. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the petitioner must show that the allegation of error has not been waived); 42 Pa.C.S. § 9544(b) (stating "an issues is waived if the petitioner
*(Footnote Continued Next Page)*

Finally, Appellant's claim that the PCRA court erred by not issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition does not warrant relief because his petition is untimely. *See Commonwealth v. Taylor*, 65 A.2d 462, 468 (Pa. Super. 2013) (reiterating that, where a PCRA petition is untimely, the court's failure to issue a Rule 907 notice does not automatically warrant reversal) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)).

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/22/18</u>

*(Footnote Continued)* ———————

could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").